**RU HUANG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 08–0277–ag.

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

David X. Feng, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ru Huang Lin, a native and citizen of China, seeks review of a December 18, 2007 order of the BIA affirming the January 3, 2006 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ru Huang Lin,* No. A 95 468 090 (B.I.A. Dec. 18, 2007), *aff'g* No. A 95 468 090 (Immig. Ct. N.Y. City Jan. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126. Here, because the BIA assumed Lin's credibility for the purposes of its analysis, we do the same. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005).

Assuming Lin's credibility, the BIA found that his "sparse account" of his past experiences did not demonstrate persecu-

tion. In support of its conclusion, the agency cited *Ai Feng Yuan v. U.S. Dept. of Justice,* 416 F.3d 192, 198 (2d Cir.2005), which stands for the proposition that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." However, we have also made clear that the BIA must be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Here, taking his testimony as true, Lin was abused during an interrogation while detained for a week because of his involvement in an underground church in China. As in *Beskovic,* we are unable to discern what standard the BIA employed in concluding that this was not persecution. *See id.*

Nevertheless, even assuming that the agency's past persecution finding was erroneous, and that the presumption of a well-founded fear of future persecution should have arisen, the BIA properly found that Lin failed to demonstrate an objectively reasonable fear of persecution upon returning to China. *See* 8 C.F.R. § 1208.13(b). As the agency observed: (1) after Lin fled China, his mother-who was also involved in the same underground church as Lin-remained there, and was not mistreated; and (2) after an initial departure from China, Lin re-entered the country using his own passport. While Lin offered explanations as to why, in light of these facts, his fear was objectively reasonable, the IJ properly considered and rejected them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Thus, the agency properly found that Lin's fear of future persecution was not objectively reasonable. *See Melgar de Torres v.*

*Reno,* 191 F.3d 307, 313 (2d Cir.1999); *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 n. 2. (2d Cir.2007).

Despite any error in the agency's past persecution analysis, we can confidently predict that the agency's conclusion would not change on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006). Accordingly, the agency reasonably denied Lin's application for asylum, withholding of removal, and CAT relief, where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).